## Smith *versus* The Hestonville, Mantua and Fairmount Passenger Railway Company.

A mother brought an action against a passenger railway company to recover damages for the death of her child, alleged to have been caused by the negligence of the company's servants. It appeared, by the plaintiff's evidence, that the child was only seven years of age, and that it had been in the habit, for a small compensation, of serving the drivers and conductors of the cars with water to drink, and was so employed when injured. This employment was with the knowledge and consent of the mother. *Held*, that it was contributory negligence *per se* for plaintiff to permit her child to engage in so dangerous an employment, and that a nonsuit was properly entered.

January 14th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1879, No. 264.

[Smith v. Hestonville, &c., Pass. Railway Co.]

Case by Elizabeth J. Smith against The Hestonville, Mantua and Fairmount Passenger Railway Company, to recover damages for the death of her son, alleged to have been caused by the negligence of defendant.

Mrs. Smith was a widow, and was employed in cleaning the cars of the Pennsylvania Railroad Company, which necessarily took her from home during the day. Her son Willie, a lad about seven years of age, was in the habit, with other boys of the neighborhood, of getting water at a pump in the vicinity, and of supplying the conductors and drivers with water to drink, who encouraged them to do so by giving them pennies. In order to thus furnish them with water they would mount the platforms of the cars, and there was no evidence that they were ever warned away from the cars by policemen or the drivers or conductors. Plaintiff knew that her son was in the habit of thus carrying water to the cars, and she allowed him to take a cup and pitcher from her house for that purpose. She also saw the money the child made, and cautioned him to be careful in getting on and off the cars. On the afternoon of August 6th 1876, Willie, with two other boys, somewhat older than himself, went to the corner of Thirty-third and Spring Garden streets with a view of thus serving water, as they had done several times before at this point. A car of defendant came slowly up Spring Garden street, and Willie Smith jumped on the front platform, which had no fender, and gave the driver a drink. Two or three minutes thereafter the child was seen on the street between the front and hind wheels of the car, the first wheel having run over him. Two days thereafter he died in the hospital from the injuries thus received.

The defendant asked for a nonsuit, on the ground that the plaintiff had contributed to the accident by permitting the boy to be thus employed at his tender age. The court, Allison, J., in granting the nonsuit, said:

"If this case went to the jury, I should certainly say that it was contributory negligence on the part of the mother to send or permit her child, of seven years of age, to take upon himself the risks of a business of this kind; that is, that no child of seven years of age has discretion enough to be trusted under such circumstances with its own protection, and going with the permission is equivalent to going with the direction of the parent. The parent knew it; furnished it with her own pitcher in which to carry the water; sent it, and sent it even with a caution to be careful, but sent it with these risks upon itself. I cannot, as at present impressed, regard under any circumstances the fact that a parent takes upon itself to permit or to direct her child to go and carry on such a business as that, otherwise than that it is *per se* negligence, on the part of the parent, to subject a child of seven

[Smith *v.* Hestonville, &c., Pass. Railway Co.]

years of age to all the risks incident to such a business.    I will grant the motion."

The court in banc subsequently refused to take off the nonsuit, when plaintiff took this writ, and alleged that the court erred in this action

*A. Sidney Biddle,* for plaintiff in error.—The defendant was negligent in allowing so young a child to ride upon the platform. So also in not having a guard to the platform, and in not stopping the car to allow the child to alight : Fairmount & Arch Street Passenger Railroad Co. *v.* Stutler, 4 P. F. Smith · 375 ; P. A. & M. Passenger Railway Co. *v.* Caldwell, 24 Id. 421 ; Crissey *v.* Hestonville Railroad Co., 25 Id. 83 ; Philadelphia City Passenger Railway Co. *v.* Hassard, Id. 367 ; Gray and Bell *v.* Scott and Wife, 16 Id. 348 ; Drew *v.* Sixth Avenue Railway Co., 26 N. Y. 49 ; Colgan *v.* West Philadelphia Passenger Railway Co. 4 W. N. C. 401 ; Kay *v.* Penna. Railroad Co., 15 P. F. Smith 276.    There was no proof of contributory negligence on the part of the child, and if his negligence had contributed to the accident, his youth was sufficient to prevent the inference of contributory negligence against him : Rauch *v.* Lloyd, 7 Casey 358 ; Johnson *v.* The West Chester & Philadelphia Railroad Co., 20 P. F. Smith 357.    Nor was there contributory negligence on the part of the mother.    She knew the child was in the habit of carrying water to the driver, but she could not have foreseen an accident which could not have happened except for the gross carelesness of defendant : Pennsylvania Railroad Co. *v.* Ogier, 11 Casey 72 ; Gray et al. *v.* Scott et ux., 15 P. F. Smith 345.    The permission of the mother to the child to carry water was not the proximate cause of an accident which resulted from defendant's negligence : Drew *v.* Sixth Avenue Railroad Co., 26 N. Y. 49 ; Cosgrove *v.* Ogden, 49 Id. 245 ; Pennsylvania Railroad Co. *v.* Lewis, 29 P. F. Smith 33.

The Act of April 26th 1855, Pamph. L. 309, was a supplement to the Act of April 15th 1851, Pamph. L. 674.    It was the purpose of the Act of 1855 to substitute the personal representatives of the deceased for him, and the sum to be recovered being theoretically part of the estate of the deceased, which the law then proceeds to distribute according to the directions of the statute, it is difficult to see how any contributory negligence on the part of the statutory plaintiff can have any effect in debarring the recovery.

*Samuel Gustine Thompson,* for defendant in error.—The presumption is that proper care was exercised by the company, and that presumption must be overcome by him who asserts otherwise. A person who asserts he has received an injury from defendant's

[Smith v. Hestonville, &c., Pass. Railway Co.]

negligence, must prove it, and if no such proof be adduced the presumption of innocence remains, and it is error to submit to the jury whether there was negligence or not: Railroad Co. v. Heil, 5 W. N. C. 93; Clark v. Railway Co., Id. 119; Wiebrand v. Eighth Avenue Railroad Co., 3 Bosw. 313. It was negligence, *per se*, to permit a child of such tender years to engage in an employment attendant with so many risks: Kay v. Pennsylvania Railroad Co., 15 P. F. Smith 276; Railroad Co. v. Hummell, 5 Wright 376; Philadelphia & Reading Railroad Co. v. Long, 25 Id. 257; Glassey v. Hestonville Passenger Railroad Co., 7 Id. 172; Smith v. O'Connor, 12 Wright 223; P. A. & M. Railroad Co. v. Pearson, 22 P. F. Smith 171; Pennsylvania Railroad Co. v. Lewis, 29 Id. 33.

Mr. Justice TRUNKEY delivered the opinion of the court, February 2d 1880.

Previous to the accident which caused the death of the plaintiff's son, he and older boys had been in the habit of supplying with water to drink, the drivers and conductors, who encouraged them to do this by giving them pennies. At the time, the plaintiff's child was at the defendant's cars for that purpose. The plaintiff not only had knowledge of this habit, which began before the summer vacation of the public school and was continued in the vacation, but she permitted it. She saw the money her child made, furnished him with cup and pitcher, and cautioned him to be careful in getting on and off the cars.

The child was not seven years of age. He was incapable of negligence, and could not use the care required of a mature person under like circumstances. His business was with the defendant's employees—to give them water and receive a reward. This is not the case of a child having occasion to cross the track in going to school, or for other purpose; nor of one that had wandered into the street without the parent's knowledge; nor even of one permitted to play on the street. If it be that the plaintiff's testimony warrants an inference of negligence by the defendants, because their drivers and conductors encouraged this child with others to furnish them water, the admitted fact that the child's act was with the plaintiff's permission, authorized the judgment of nonsuit, for the reason given by the learned judge of the Common Pleas.

The argument of counsel certainly is ingenious in support of his proposition, that "the negligence of the statutory plaintiff, arising from knowledge or direct act, cannot preclude recovery where there has been no contributory negligence on the part of deceased." However, this is not an open question. In Smith v. O'Connor, 12 Wright 218, it was held, that it is not unjust to require a defendant to answer for the mischief done by his wrongful conduct,

[Smith *v.* Hestonville, &c., Pass. Railway Co.]

in favor of one who was not in concurrent fault; and that an infant seven years old could not be in such fault. This was in reference to an action by the infant himself, and, respecting an action by a father for an injury to his infant son, STRONG, J., said: "In such a case, it may be that the father should be treated as a concurrent wrongdoer. The evidence may reveal him such. His own fault may have contributed as much to the injury of the child, and consequently to the loss of services due him, as did the fault of the defendant. He owes to the child protection. It is his duty to shield it from danger, and his duty is the greater, the more helpless and indiscreet the child is. If by his own carelessness, his neglect of the duty of protection, he contributes to his own loss of the child's services, he may be said to be *in pari delicto* with a negligent defendant." These remarks were pertinent to the point decided in Glassey *v.* Railroad Co., 7 P. F. Smith 172, that a father cannot recover for an injury to his infant son, which was partly caused by his own imprudent act in failure to perform his paternal duty; and it makes no difference whether the injury of which he complains, was to his absolute or relative rights. Referring to that case, the present Chief Justice said, it very properly settled, "that if the parents permit a child of tender years to run at large without a protector, in a city traversed constantly by cars and other vehicles, they fail in the performance of their duties, and are guilty of such negligence as precludes them from a recovery of damages for any injury resulting therefrom. If the case is barely such, the negligence is a conclusion of law, and ought not to be submitted to the determination of the jury:" Railway Co. *v.* Pearson and Wife, 22 P. F. Smith 169. The principle was repeated in Railroad Co. *v.* Long and Wife, 25 P. F. Smith 257, where it was said: "To *suffer* a child to wander on the street has the sense of *permit.* If such permission or sufferance exist, it is negligence."

Most frequently, in trials, the question whether there was reasonable care on the part of the parent is a fact for the jury; but where the testimony of the plaintiff directly shows his contributory negligence, it is the duty of the court to pronounce the law.

                              Judgment affirmed.