## Johnson and Wife *v.* Reading City Passenger Railway, Appellant.

*Negligence—Street railways—Duty of driver.*

While it is the duty of a street car driver to be on the lookout for obstructions, whether persons or vehicles, on the track, he may for an instant turn his head to ascertain from a person on the sidewalk whether he desires to take passage, and in doing so he is not necessarily guilty of negligence.

Where a child is run over by a street car, and the evidence is conflicting as to the length of time the child was on the track and whether the driver could have seen it, had he been looking at the track, in time to stop before reaching it, the case is for the jury.

The mere fact that a child of tender years places itself in a dangerous position on a railroad track, will not relieve the railroad company from liability for an injury to the child, if the negligence of the company has contributed to the injury.

*Contributory negligence of parent of child.*

A boy twenty months old was run over by a street car. The mother of the boy was a young married woman who did her own housework. Just before the accident the mother left the child in the kitchen to accompany some parting callers to the front door. While standing at the front door and talking to her visitors the child came from the kitchen through the house, passed its mother at the door, crossed the intervening sidewalk and street, a distance of about twenty-eight feet, to the farthest track of the railway, where, in immediate view of the mother, it was killed. The mother did not know it was her own child until after the accident. *Held,* that the mother was guilty of contributory negligence, and that neither she nor her husband could recover for the loss of the child.

Argued Feb. 27, 1894. Appeal, No. 21, Jan. T., 1894, by defendant, from judgment of C. P. Berks Co., Aug. T., 1891, No. 115, on verdict for plaintiff, James E. Johnson and Annie, his wife. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM and DEAN, JJ. Reversed.

Trespass for death of child. Before ERMENTROUT, P. J. The facts appear by the opinion of the Supreme Court. Verdict and judgment for plaintiff for $1,901.90.

*Errors assigned* were refusal of points to the effect that there was no negligence by plaintiff, and (7) that there was contributory negligence by defendant, quoting the points.

*C. H. Schaeffer* and *H. A. Muhlenberg, R. L. Jones* with them, for appellant.—Defendant was not negligent: Wood on Law of Railways, p. 1263; Mulherrin v. R. R., 81 Pa. 366; Taylor v. Canal Co., 113 Pa. 175; R. R. v. Schwindling, 101 Pa. 258; Moore v. R. R., 99 Pa. 305.

The evidence clearly shows gross contributory negligence on part of plaintiffs: Bridge Co. v. Jackson, 114 Pa. 327.

Parents who permit their children to trespass upon a railroad track are guilty of contributory negligence, and the fact that a trespass was without the knowledge of the parent is not material: Cauley v. R. R., 95 Pa. 398; Ry. v. Connell, 88 Pa. 520.

It is always a preliminary question for the trial judge to decide whether plaintiff's evidence discloses any liability on part of defendant, and, if not, he must nonsuit: Hannigan v. Nav.

Co., 23 W. N. 576; Fouhy v. R. R., 17 W. N. 177; R. R. v. Heil, 5 W. N. 91; Woodbridge v. R. R., 105 Pa. 460; Goshorn v. Smith, 92 Pa. 435; R. R. v. Schertle, 97 Pa. 450.

*C. H. Ruhl, Daniel Ermentrout* with him, for appellee.—Defendant was negligent: Ry. v. Foxley, 107 Pa. 541; Schnur v. Traction Co., 153 Pa. 30; Ehrisman v. Ry., 150 Pa. 186; Pitcher v. Ry., 154 Pa. 560; Gibbons v. Ry., 155 Pa. 279; Ry. v. Henrice, 92 Pa. 431.

The court cannot draw conclusions of fact from the evidence: Com. v. McDowell, 86 Pa. 377; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Reno v. Moss, 120 Pa. 49; Patterson v. Dushane, 115 Pa. 334; School Furniture Co. v. School District, 122 Pa. 501; Brunner v. Tel. & Telephone Co., 151 Pa. 447; Howard Express Co. v. Wile, 64 Pa. 201; Gibbons v. Ry., 155 Pa. 279.

There is nothing in the evidence to show that the mother at any time permitted her child to be upon the highway unattended. On the contrary, she testified that she did not permit her child to go upon the street; that in this instance it was left in the kitchen, and while she assisted a visitor with her three children out of the house, one of which was in a baby-coach, the child escaped, unobserved by her or any of those with her, from the house into the street. In such case the question of negligence is for the jury: Ry. v. Henrice, 92 Pa. 431; R. R. v. Long, 75 Pa. 257; Smith v. R. R., 92 Pa. 454.

Opinion by Mr. Justice Dean, April 2, 1894:

The defendant's horse car railway is on Eleventh street in the city of Reading. James E. Johnson was a young married man living with his wife, Annie Johnson, in dwelling No. 222, fronting on the street where the railway was operated. He was a freight handler, receiving moderate wages, and his wife did her own work. They had one child, James E. Johnson, a boy twenty months old. About 11 o'clock of the forenoon of May 7, 1891, this child was run over by defendant's car in front of its parents' house, and killed. The parents, averring that its death was caused by the negligence of the defendant, brought suit, and, on trial in the court below, got a verdict and judgment in damages, and from that judgment comes this appeal

by defendant. The assignments of error in substance are two: (1) There was no evidence of negligence on part of the company. (2) There was undisputed evidence of negligence on part of the mother of the child, one of these plaintiffs. If the averment in either assignment be true, the appeal must be sustained, otherwise not.

At the time of the accident, the car was going at the rate of four or five miles an hour; certainly not a dangerous speed; the child was sitting on the track; it was first seen by a passenger in the car, who warned the driver, when an ineffectual attempt to stop the car was made. The distance of the child from the horses when first seen by the passenger was from three to six feet. Apparently, just at the moment the child was noticed on the track, the driver's face was turned towards the side of the street, his attention being diverted in that direction by the movement of some persons he thought wanted to get on the car. When he saw the child, he put on the brake and did all he could to stop the car, but it was too late. The plaintiff alleged it was the duty of the driver to constantly keep his eyes on the track in front of his horses; instead of so doing, he turned to watch the movement of persons on the side of the street who desired to take passage, and, from this neglect of duty on his part, he failed to see the child in time to stop the car. We decline to say, as urged by appellee, that a street car driver may not, under any circumstances, turn his head to observe the movements or signals of those who desire to get on the car. His duty is to drive the horses with care; to be on the lookout for obstructions, whether persons or vehicles, on the track; he may, in the performance of this duty, ascertain from a person on the side of the street, by looking at him, whether he desires to take passage; in doing this, he may for an instant turn his face to the sidewalk. It does not necessarily follow from this he was guilty of negligence. But how long this child had been on the track, and at what distance the driver might have seen it had his attention been directed to the track, does not clearly appear; the evidence is somewhat conflicting on this point. When the passenger first saw the danger, it was impossible to stop soon enough to avoid it; but the child was on the track when he saw it; whether the driver could have seen it had he been looking at the track in time to stop before

reaching it, was a question, it seems to us, for the jury. If without doubt it had appeared that the same moment the driver turned his face to the sidewalk the child got on the track, there would have been nothing to warrant an inference of negligence on part of defendant, because then it was only three to six feet from the horses.

But appellant alleges, even if there was any evidence of negligence on part of defendant, there was manifest negligence on part of the mother, one of these plaintiffs, which contributed to the accident, and therefore there can be no recovery.

As we have stated, the father of this child was in moderate circumstances; the mother cared for her own child and attended to her household duties; she did not permit it to run on the street. We held in Smith v. Railroad Co., 92 Pa. 454, that the parent owes to the child protection. It is his duty to shield the child from danger, and his duty is the greater the more helpless and indiscreet the child is. If, by his own carelessness, his neglect of the duty of protection, he contributes to his own loss of the child's services, he may be said to be in pari delicto with a negligent defendant, and cannot recover. Whether the parent was negligent depended on whether, according to the circumstances, he took reasonable care of his child. Also, from Rauch v. Lloyd & Hill, 31 Pa. 358, through a long line of cases, this court has uniformly held that the mere fact of the incapacity of the child neither creates nor shields from liability; if there be no negligence on part of defendant, the injury of the child is its misfortune; if there be negligence on part of defendant, and no negligence on part of parent, the want of discretion in the child is no protection to defendant. We assume, then : (1) That defendant here was negligent. (2) That the fact that a child of this age was on the track, where it ought not to have been and had no right to be, of itself, in no degree excuses defendant; but then comes the next question, was it there because of the carelessness of the mother ? The facts as stated by her are these : Immediately before the accident, her two sisters-in-law, Mrs. Rightmeyer and Mrs. Johnson, with their three children, called and remained about half an hour; when they left, Mrs. Johnson went with them to the door, and stood talking with them about five minutes on the porch immediately outside; she had left her own child in the kitchen;

while standing at her own door, talking to her departing visitors, the child came from the kitchen, through the house, passed its mother at the door, crossed the intervening sidewalk and street, a distance of about twenty-eight feet, to the farthest track of the railway, where, in immediate view of the mother, it was killed. She did not even know it was her child until after the accident. A child twenty months old, an open door, a dangerous railway track within a few feet of the open door; the mother standing in full view of the door and the track, and the further fact that it would probably take the little child as long to toddle from the door to the track before the eyes of its mother as it took the approaching street car to come a square. Was this such care as was due from the mother to her child, according to the circumstances? It would be a harsh rule to hold that this mother, in her pecuniary circumstances, was bound to give her undivided attention to her child to the neglect of all other wifely duties, and there is no such rule of law in Pennsylvania, as we have held in very many cases. If the child had escaped from the house while the mother's attention was given to some other of the many cares which burden the woman who keeps her own house, the case would have come within the rulings in Kay v. Railroad Co., 65 Pa. 269, Smith v. Railroad Co., supra, and like cases. But here, when there was nothing whatever to prevent watchfulness, this mother permitted this child to come out of the open door, pass at her feet out to a railway, and there in full view place itself on the track, with an approaching car also in full view. Was this care according to the circumstances, or was it negligence?

The answer must be, and there is no escape from it, that it was negligence, and negligence which contributed to the accident. If these parents had been in different circumstances, and had had in their service a nurse whose special duty it was to watch the child, and who, while talking to companions at the door, had permitted it unobserved to go out on this railway track where it was run over, the servant would have been immediately discharged by the parents, and justly too, because of gross negligence. But where is the distinction in duty between that of the servant and the mother in that particular five minutes in which occurred the circumstances resulting in this accident? The mother, at that time, had no paramount or exacting

duty to perform which could excuse inattention to her child; her first duty under the circumstances at that particular time was to guard it; she was in the most favorable situation to perform the duty; the child before her, the danger in full view; and this, not for an instant, but during the time it took the child to make its way from the door, over its mother's feet, over the pavement, into the gutter, out to the rails.

In so far as this opinion reflects on the conduct of plaintiff, we regret that what we have said seemed necessary in vindication of the judgment; without the criticism of others, her regret must be lifelong as well as unavailing, and as far as possible we have refrained from adding anything to her burden.

The evidence of contributory negligence is so clear and indisputable that the judgment cannot stand. Appellant's seventh assignment of error is sustained, and the judgment is reversed.

MR. CHIEF JUSTICE STERRETT and MR. JUSTICE McCOLLUM dissent.