# Albert Henne *v.* The Peoples' Street Railway Company of Luzerne County, Appellant.

*Negligence—Questions of law and fact.*

In many cases under undisputed facts it is the duty of the court to declare the law without reference to a jury, while in others it is for the jury, under direction of the court, to determine whether actionable negligence has been proved or not.

*Negligence—Contributory negligence—Infants—Duty of parents.*

Whether a mother suffers a child to wander on the street is a matter of fact and is the subject of evidence, and this must depend upon the care which she took of her child. Such care must be reasonable care, depending upon the circumstances, and is a fact for the jury : Dunseath v. Traction Co., 161 Pa. 124.

Plaintiff's child, a girl of two years and three months, being left by her mother in the dining room while the mother went upstairs for a moment, wandered through the kitchen into the yard, out through the back gate and getting on the track was killed by the trolley car. There was evidence that a hired girl was in the kitchen and that the mother immediately upon coming downstairs and missing the child followed her. *Held*, That there is no rule of human conduct that called upon the mother to keep a constant eye upon the child in her own house, nor was she called upon (her husband being a laborer) to hire a person to do so for her. Neither was she nor her husband obliged to stand sentinel at the back gate to see that no one untied the fastening. The case as to contributory negligence was one for the jury.

*Street railways—Negligence of motorman—Question for jury.*

The question is properly for the jury where the testimony, although conflicting, tended to show that at the time of the accident, and immediately before, the motorman was engaged in conversation with a person in the cab occupied by the motorman and that this person obstructed the view from the cab at the window on the side of the track where a child, running upon the track, was killed.

*Street railways—Motorman's duty—Negligence.*

The cab of a motorman is a place provided by his employers for him alone ; and talking and laughing with passengers when he should have been attending to his duties with his eye upon the track is inexcusable negligence.

Argued Jan. 16, 1896. Appeal, No. 9, Jan. T., 1896, from judgment of C. P., Lackawanna Co., April T., 1892, No. 149, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

312 HENNE *v.* RAILWAY CO., Appellant.

Statement of Facts—Points. [1 Super. Ct.

Trespass by Albert Henne to recover damages for death of his daughter, Grace, two years and three months of age, by being run over by car of defendant company. Verdict for the plaintiff in the sum of $775.

Plaintiff's points were, inter alia, as follows:

2. If the jury find that Grace Henne, the child of the plaintiff, was killed by being run into by the defendant's car, by reason of the negligence or want of ordinary care on the part of the motorman in charge of said car, then, in the absence of any contributory negligence of her parents, the verdict must be for the plaintiff. *Answer:* I affirm that proposition. Of course the street railway company is responsible for the negligence of the motorman. I have not instructed you at length upon that question, but I have assumed that you understood that, that a street car company is responsible if the motorman was negligent, that is, they would be responsible for his negligence,—his negligence would be the negligence of the company. [1]

4. If the jury find from the evidence in the case that the motorman in charge of the defendant company's car suffered his attention to be diverted from observing the track in front of him, by engaging in conversation with a passenger in the cab of the car, and thus failed to see the child in time to avoid the accident, and that by the exercise of ordinary care and by paying a proper attention to the track in front of him, he could have seen the child in time to avoid the accident, then, in the absence of contributory negligence on the part of the child's parents, the verdict of the jury must be in favor of the plaintiff. *Answer:* I affirm that proposition. [2]

6. In passing upon the question of contributory negligence on the part of the parents, the jury should take into consideration their circumstances in life at the time of the accident. And if the jury are satisfied that the parents took reasonable care to prevent their child from wandering upon the streets, under all the circumstances of their condition at that time, they cannot be held guilty of contributory negligence. *Answer:* I affirm that proposition. [3]

The defendant's points and answers thereto were, inter alia, as follows:

16. That the evidence of the plaintiff being that his wife left

the child in charge of her sister, with the open door to invite her to pass out, that the sister did or said nothing, so far as appears in the evidence, to restrain the child in the house, that neither the mother nor the sister examined the back gate to see if it was closed, and in a few minutes after the mother left the child with her sister she found she had taken no care of the child and that it had gone through the open gate and open door upon the public street where the accident occurred, that the negligence of those in charge of the child having thus contributed to the injury, the plaintiff cannot recover. *Answer:* I decline to affirm that proposition. Of course if you should find that Mrs. Henne was negligent, did not use ordinary care in taking care of the child, then the plaintiff cannot recover. [4]

12. If the court find from the evidence that the plaintiff's wife was guilty of negligence in suffering her child of two years of age to pass into the street unattended, where she knew she could go upon the railway track where cars were passing and repassing at short intervals, then she was guilty of contributory negligence, and the plaintiff is not entitled to recover. *Answer:* I affirm that proposition. The question is, did Mrs. Henne permit her child to go out towards this track? Not whether the child actually went there, but did Mrs. Henne permit it, that is, did she suffer it, did she leave the child so circumstanced that the child might naturally be tempted to go out on the street? But in considering that fact you must bear in mind that Mr. Henne testified that he left the gate closed and fastened. Now was there any danger in leaving the child in the house there, with the door open, with the gate closed, provided the gate was closed? Did Mr. Henne close the gate? If he closed the gate and the gate was fastened, and somebody else opened it, and the child got out through the open gate in that way, Mr. Henne and his wife could not be charged with negligence in permitting the child to go out in the back yard, if the gate was closed. But if the gate was open, and they knew it, it might be negligence on their part. However, it is all for you to consider, and in passing upon that question you must consider all the facts and circumstances of the case, as well as the condition in which this family was situated. [5]

The other facts of the case are fully set out in the opinion of the Superior Court.

*Errors assigned* were, (1, 2, 3) answers to plaintiff's 2d, 4th and 6th points, reciting them; (4, 5) answers to defendants' 16th and 12th points reciting them; (6) the evidence of negligence on the part of the motorman was not sufficient to warrant the submission of the question to the jury.

*W. H. Jessup* and *Horace E. Hand, W. H. Jessup, Jr.,* with them, for appellant.—The parents were guilty of contributory negligence in permitting this infant to wander around the streets: Booth's Street Railway Law, sec. 390; Glassey v. Hestonville etc. Passenger Railway Co., 57 Pa. 174; Sherman & Redfield on Negligence, sec. 48, A (3d ed.); Booth's Street Railway Law, page 534; Johnson et Ux. v. Reading City Passenger Railway Co., 160 Pa. 647; Ray on Negligence of Imposed Duties, page 732. The rule in reference to the duty of the motorman is clearly stated in Booth's Street Railway Law, page 416; Hestonville Passenger Railway Co. v. Connell, 88 Pa. 520; Rodgers v. Lees, 140 Pa. 475; Cauley v. Railway Co., 95 Pa. 398. The right of a street railway company to occupy its tracks with its cars is superior to the right of the public at a point not a street crossing: Warner v. Peoples' St. Ry. Co., 141 Pa. 615; Ehrisman v. East Harrisburg Street Pass. Co., 150 Pa. 180; Chilton v. Central Trac. Co., 152 Pa. 425. Where a child is injured by suddenly darting in front of a car, the company should not be held liable: Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; P. & R. R. R. Co. v. Spearen, 47 Pa. 300; Johnson v. Railway Co., 160 Pa. 147. While so young a child is not responsible for contributory negligence still there can be no recovery except for negligence on the part of the defendant: Hestonville Ry. Co. v. Kelley, 102 Pa. 115, affirming Ry. v. Connell (supra); Wood's Ry. Law, page 1284; Booth's Street Railway Law, page 423; Citizens' Pass. Ry. v. Thomas, 20 Pitts. Leg. Jour. 437; 4 Am. & Eng. Ency. of Law, 46.

*Joseph O'Brien, J. F. Fitzsimmons,* for appellee. — Under the facts disclosed in this case the appellant complains of the court's refusal to say as a matter of law the mother was negligent: Phila. & Reading R. R. Co. v. Long, 75 Pa. 257; Penna. Co. v. James, 81 Pa. 194; Schnur v. Traction Co., 153 Pa. 29;

Lederman et Ux. v. Penna. R. R., 165 Pa. 118. The court was thoroughly sustained in its action by the authorities : Dunseath v. Traction Co., 161 Pa. 124. The motorman was clearly negligent under the evidence : W. Phila. Passenger R. R. Co. v. Mulhair, 6 W. N. C. 508; Railway Co. v. Foxley, 107 Pa. 537; Schnur v. Traction Co., 153 Pa. 29.

OPINION BY WILLARD, J., February 20, 1896 :

Cases involving the question of negligence depend upon and must be governed by the peculiar facts in each particular case. In many cases under undisputed facts it is the duty of the court to declare the law without reference to a jury, while in others it is for the jury, under the direction of the court, to determine whether actionable negligence has been proved or not. The first question submitted to the jury by the learned judge in the court below was whether the appellant was guilty of negligence. The evidence on the part of the appellant was that while the motorman was attending to his duties and observing the track before him the child of appellee suddenly darted (from behind a pile of building material placed upon the street) upon the track unobserved by the motorman and so close to the moving car that he was unable to stop it, and the child was unavoidably run over and killed. The testimony on the part of the appellee showed that the motorman, at the time of the accident and immediately before, was engaged in conversation with a person in the cab occupied by the motorman ; that this person obstructed the view from the cab at the window on the side of the track where the child was killed. The child was also seen by another witness on the side of the track in full view from forty (40) to sixty (60) feet in front of the car immediately before the accident. It was also proved that the car was actually stopped within ten (10) feet from the time of the application of the brakes. Under this testimony the question of appellant's negligence was properly, fairly and impartially submitted to the jury, and by their verdict they established the fact that the cab of the motorman is a place provided by his employers for him alone ; where it is his duty to observe the track and all obstructions thereon ; that talking and laughing with such persons, when he should have been attending to his duties with his eye upon the track, was in-

excusable negligence resulting in the crushing out of a human life for which the appellant is liable to respond in damages.

The second question raised by the record is whether the judge erred in submitting the question of contributory negligence on the part of appellee to the jury. The child killed by appellant's car was two years and three months old at the time of the accident. A short time before she was at her father's table eating dinner with the family. The appellee was engaged as a laborer in a brewery at moderate wages. Before the child left the table the father finished his dinner, passed out of the house through his back yard by a back gate to his place of work at the brewery. As he passed out he secured and fastened this gate with a rope used for that purpose. About the time he arrived at the brewery he was informed by a messenger that his child was dead. Soon after the father left the house the mother assisted the child down from the table and went upstairs to get some clothes for the child for the purpose of dressing her to take her out. When the mother went upstairs she left the child in the room with the mother's sister, who was in charge of a younger child of the appellee. In the kitchen, between the dining room where the child was left and the back yard, was a hired girl. The mother remained upstairs about three (3) minutes and on her return with the child's clothes she found her gone; she could not find her in the house, went to the back yard and found the gate open; she went out of this gate through a court and along Seventh street to the street car track on West Lackawanna avenue and arrived there just at the instant her child was killed.

These facts, thus stated nearly in the language of appellant's counsel, do not establish a case of parents allowing or permitting a child of tender years to stray upon the public streets unattended. The most that can be said of this case is that, governed by a childish impulse, this child, two years and three months old, suddenly left her father's house and by a strange fatality placed herself upon this railroad track, and through the inattention and carelessness of the person in charge of the car the child was killed. There is no rule of human conduct that called upon that mother to keep a constant eye upon the child in her own house, nor was she called upon (as her husband was circumstanced) to hire a person to do so for her.

Neither was she nor her husband obliged to stand at the back gate and see that no one untied its fastenings, nor were they obliged to place a sentinel at the gate.   Under all the evidence and circumstances of the case it would have been manifest error for the court to have refused to submit the question of contributory negligence on the part of the appellee to the jury.   The case of Johnson v. Railway, 160 Pa. 647, does not rule this case. There, a child twenty (20) months old was allowed to pass out through the front door past its mother, through the front yard, over the sidewalk onto a railroad track immediately in front of the house before the face and eyes of its mother, without notice on her part, where it was killed in her presence and view. After reciting the facts of the case at bar it is sufficient to say that that case in no way resembles this.   There, the negligence of the parent was self evident; here, in our opinion, there was nothing in the care of this child that amounted to negligence on the part of its parents.   At all events the question was fairly submitted to the jury, and under proper instructions as to the law they found that there was no want of reasonable care for this child on the part of her parents.   To have done otherwise, on the part of the court below, and to have held as a matter of law that the parents were guilty of contributory negligence, would have been carrying the contention of the appellant beyond any reasonable limit heretofore prescribed as the correct rule by the decision of any appellate court to which our attention has been directed.   The disposition of the case in the court below is fully sustained in Philadelphia & Reading Railroad Company v. Long and Wife, 75 Pa. 257; Pennsylvania Company v. Jones and Wife, 81* Pa. 194; Schnur v. Citizens' Traction Company, 153 Pa. 29; Dunseath and Wife v. Pittsburg, Allegheny & Manchester Traction Company, 161 Pa. 124.   The specifications of error are overruled and judgment affirmed.