# Fineman *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Infants—Care of parents—Contributory negligence—Case for jury.*

1. Where a parent permits a child of tender age to go on to the street, he is bound to observe reasonable care in guarding the child, dependent on the circumstances. What is a reasonable care is a question for the jury, and in passing upon such question the jury may consider the occupation and financial ability of the parent, the place of residence, the size of the family and the conditions surrounding the home.

2. The question of the contributory negligence of the parents is for the jury where the evidence shows that the father was a tailor working in an upstairs back room, that the mother was attending to a baby in another part of the house, that a daughter between four and five years of age was with the housemaid on the ground floor; that the little girl slipped out into the street without the knowledge of either parent to go to a candy shop, and on her return was struck by a street car, and that only about five minutes had elapsed after the mother last saw the child and the arrival to her of the news of the accident.

Argued Dec. 14, 1909. Appeal, No. 114, Oct. T., 1909, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1907, No. 3,912, on verdict for plaintiff, in case of Cilly Fineman, by her father and next friend David Fineman, and David Fineman v. Philadelphia Rapid Transit Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Trespass to recover damages for injuries to a child between four and five years of age. Before Wiltbank, J.

The facts are stated in the opinion of the Superior Court.

Verdict for Cilly Fineman for $5,000 and for David Fineman for $1,600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming,* with him *Bernard J. O'Connell,* for appellant.—The general principle of law is well settled that a

father cannot recover for loss of services of an infant child who is injured when allowed to be at large without a caretaker in the public streets: Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12; Murray v. Ry. Co., 36 Pa. Superior Ct. 576.

The presence of an unprotected child of tender years in the public streets is presumptive evidence of entire neglect, which stands unexplained in the present case. The law of agency as applied to master and servant makes the attribution of the nurse's negligence to the father clear on general principles: North Penna. R. R. Co. v. Mahoney, 57 Pa. 187; Moore v. Logan Iron & Steel Co., 7 Atl. Repr. 198; Johnson v. Ry. Co., 160 Pa. 647; Faust v. P. & R. Ry. Co., 191 Pa. 420; Dryden v. R. R. Co., 211 Pa. 620.

*Harry A. Mackey,* for appellees.—The case was for the jury: Lederman v. R. R. Co., 165 Pa. 118; Pittsburg, etc., Ry. Co. v. Pearson, 72 Pa. 169; Smith v. Ry. Co., 92 Pa. 450; Kay v. R. R. Co., 65 Pa. 269; Buente v. Traction Co., 2 Pa. Superior Ct. 185; Distasio v. United Traction Co., 35 Pa. Superior Ct. 406; Corpies v. Sand Co., 31 Pa. Superior Ct. 107; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; Addis v. Hess, 29 Pa. Superior Ct. 505.

OPINION BY HENDERSON, J., March 3, 1910:

The two assignments of error raise the same question and may be considered together. That question is, Does the contributory negligence of the plaintiff preclude a recovery for him in this action? The position taken by the appellant is that the plaintiff did not exercise care in preventing his child from going onto the street and that he was, therefore, guilty of contributory negligence. In support of this position the rule is invoked that when a parent permits a child of tender years to run at large without a protector in a street traversed by cars and other vehicles he cannot recover because of his contributory negligence if his child be injured. This doctrine is firmly established in this state as is shown by numerous cases. The contributory negligence which relieves the defendant involves

permission or inattention.  Where a child is allowed by a parent to go at large in a place of known danger or is permitted to be there without care and supervision such conduct is negligence.  The parent owes a duty to the child and to the public to exercise care.  But what is the measure of this care?  The burden resting upon the parent is thus stated in Sherman & Redfield on Negligence (5th ed.), sec. 72, "In an action by the parent or master, however, it is to be remembered that he must be actually in fault, in order to bar his recovery on the ground of his contributory fault.  Where a parent or guardian has done all which can reasonably be expected of one in his circumstances, he is not debarred from recovery by the mere fact that he has not thrown as many restraints around his child for its protection as would be reasonably expected from parents having more means at their command."  There must be reasonable care dependent on the circumstances: Phila. & Reading R. R. Co. v. Long, 75 Pa. 257; Dunseath v. Traction Co., 161 Pa. 124; Johnson v. Railway Co., 160 Pa. 647.  The care required is only such as persons of reasonable prudence of the same class and with the same means ordinarily exercise and deem adequate to protect their children from danger: Del Rossi v. Cooney, 208 Pa. 233.  Who shall determine what is the reasonable prudence ordinarily exercised by parents in the same class with the plaintiff?  Undoubtedly the jury, except in a very plain case.  The occupation and financial ability of the parent, the place of residence, the size of the family and the general conditions surrounding the home may materially affect the question.  Consider, then, the facts of this case: The plaintiff was a tailor carrying on a shop in a back room in the second story of the house in which he lived.  The child which was hurt was between four and five years of age.  In addition to her there was a baby in the house.  A young girl was employed as a housemaid and to assist with the children.  The accident occurred between twelve and one o'clock.  The father was at work in his shop and had seen the little girl about ten minutes before the accident.  The mother was upstairs giving attention to the youngest child.  The little girl was downstairs with the maid.  About five minutes after the

mother last saw her word was brought to the house that the accident had occurred. Neither the father nor mother knew that she was out of the house. The evidence does not show where the maid was during the five minutes after the child left her mother and went downstairs, but it is not unreasonable to presume that she was engaged in duties connected with the kitchen at that hour of the day. The case is wholly destitute of evidence of any permission of the parents to their child to be on the street. She had gone a short distance from home to a candy store and was struck by the car as she was returning. On such a state of facts it cannot be declared as a matter of law that the father was guilty of contributory negligence. Must the child be every moment in the grasp or under the observation of the parent? And is his failure to notice for five minutes that she was out of the house to be charged against him as conclusive evidence of the .want of the exercise of reasonable care? Nothing but the employment of a care-taker whose time should be wholly devoted to the children could meet this requirement when we consider the other necessary obligations resting on the parents, and such atten-tion is out of the question in a great majority of cases. Sullen-berger v. Chester Traction Co., 33 Pa. Superior Ct. 12, upon which the appellant relies grew out of an entirely different state of facts. The child in that case was sent by the parent on an errand to a store across the street and in returning was injured by a passing car. There was permission, therefore, for the child to be in a place of danger. In Johnson v. Railway Co., 160 Pa. 647, another of the cases cited, the mother was standing on the front porch when the child passed her and went onto the street, across one railway track and onto an-other where it was killed in the immediate view of its mother. Here there was knowledge by the mother of the absence of the child from the house and the conclusion would be irresistible that it was on the street with her permission. She knew the danger and that the child was exposed to it or at least ought to have known it as the whole occurrence was within the range of her vision. The distinction is clear between this class of cases and those in which a child escapes from the observation

of the parent and from the premises. In Railway Co. v. Pearson, 72 Pa. 169, a child left the house and went into an alley to play with a little girl. The parents were informed of the fact and were satisfied that he was safe with her. The little boy ran away from his companion, however, went onto a street car track and was run over. It was held to be a question for the jury whether the parents should have been satisfied to leave the child at large with the little girl. Lederman v. R. R. Co., 165 Pa. 118, is a case where there was permission given by the mother to the child to go to a near neighbor's on the same street to help his playmates sell shooting crackers. He was soon after killed at a street crossing. It was there held that it was a question for the jury whether the conduct of the mother constituted negligence. Our own cases are of like import. Henne v. Ry. Co., 1 Pa. Superior Ct. 311, was a case where a child passed out of the house through the kitchen where a servant was at work, out into the yard and through a gate onto the railroad track, and it was determined that the question was properly submitted to the jury. Buente v. Traction Co., 2 Pa. Superior Ct. 185, is another case where a child three years of age was left by the parent in the kitchen with other children in charge of a servant, who left them to go to a grocery. During the absence of the servant the child wandered out to the street and was killed. The question of contributory negligence was held to be one for the jury. The same conclusion was reached in Corpies v. Sand Co., 31 Pa. Superior Ct. 107, where the mother left the child in the house playing while she went across the street on an errand. These authorities are consistent with reason and experience and control the case we are considering. To hold that, if a father and mother occupied with the numerous daily cares of life neglect to observe for a few moments that a child of tender years has got out of the house and to a place of danger, such conduct is conclusive evidence of negligence would be a hard rule and one which ought not to be established. Justice will be more satisfactorily administered by referring the question to a jury except in very clear cases. The able argument of the learned counsel for the appellant has not persuaded us that the court

was in error in submitting the question of contributory negligence to the jury.

The judgment is affirmed.