# The Pittsburg, Allegheny and Manchester Railway Co. *versus* Pearson and Wife.

1. If parents permit a child of tender years to run at large without a protector, in a city traversed by cars and other vehicles, they are guilty of contributory negligence, in case of injury to the child.

2. If the case is barely such, negligence is a conclusion of law, and should not be submitted to the jury.

3. A child eighteen months old had usually been under charge of a sister thirteen years old, who was away from the child for a short time, and escaped from the house whilst the mother, to enable her to scrub the floor, had removed a barrier against the child's escape; within a few minutes the child was run over by a car and killed. *Held*, in an action by the parents, that the question of contributory negligence by the parents was for the jury.

October 17th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 150, to October and November Term 1871.

72 169
201 347
72 169
29 SC ³511

72 169
33 SC ³ 16

72 169
35 SC 409

72 169
40SC ³223

[P. A. & M. Railway Co. *v.* Pearson.]

John Pearson and Mary his wife, to November Term 1870, brought an action on the case against The Pittsburg, Allegheny and Manchester Passenger Railway Company, for causing the death of their son by running over him by one of their cars.

The only question considered by the Supreme Court was whether the negligence of the plaintiffs contributed to the death of the child.

The child was but eighteen months old; being upon the street on which the railroad was located, one of the cars struck him, threw him down and passed over him: by reason of the hurt he died in four days after receiving it.

The case was tried May 18th 1871, before Kirkpatrick, J.

The testimony of Mrs. Pearson was that the child was in his father's house; there was a board at the door of the house to prevent the child from getting out; he was under the charge of a sister about thirteen years old; she was sent on an errand; whilst this child was absent the mother being about to scrub the floor, took the board from the door and the child thus got out of the house; the mother told an older son to go for him; the boy went out and came back saying that he was in company with Lizzie Orr, a child about eight years old; the mother then supposed he was safe; the child left Lizzie Orr and in a very short time, about three minutes, after he had escaped from the house, the disaster happened.   The mother was not in the habit of permitting the child to go out by itself; the sister "was always with him."

This statement, with the defendants' points and the opinion of the Supreme Court, will sufficiently exhibit the case.

The defendants' points and their answers are as follows:—

2. If they find, from the evidence, that William Pearson, aged eighteen months, son of plaintiffs, was permitted to leave the house and presence of his parents, and go upon the public highway, and across the track of defendant's railway, without a protector, and in consequence thereof the child's arm was passed over and injured by one of the wheels of a passing car, the plaintiffs were guilty of contributing negligence, and cannot recover in this action.

Answer: "Affirmed."

3. If the jury find that plaintiffs allowed their child, aged eighteen months, to go upon Rebecca street, a public highway, and upon and across the track of defendants' railway, without a protector, and that the child, whilst alone and unguarded, was injured by a car passing in the usual manner upon said track, the plaintiff cannot recover in this action, even if the defendant or their employees were also guilty of negligence which contributed to the accident and injury complained of, and the verdict of the jury should be for the defendants.

Answer: "Affirmed."   But is there any evidence that the child was 'allowed' to go upon Rebecca street, the public highway?

[P. A. & M. Railway Co. v. Pearson.]

We leave it for you to say, from all the evidence in the case, was or was not, the permitting it to go out upon the alley, permitting it to go as claimed in this point? We leave it to you. If you find that it was, or if you conclude, from all the facts in evidence, that plaintiffs allowed the child to go, as claimed in this point, as already stated, the point is affirmed. Everything as to the law claimed by the point, depends upon the facts as claimed, and which you are to find. We leave their finding without any intimation from the court to you, as jurors, from all the evidence in the case."

4. The fact that the child of plaintiffs was found alone and unprotected on a public street, in Allegheny City, at the side of the track of defendants' railway, at the time and place where it is alleged the injuries were sustained, is presumptive evidence of the contributory negligence of plaintiffs, and he cannot recover.

Answer: "Refused. We leave it to the jury to say what was contributory negligence, under all the evidence and circumstances in the case."

The verdict was for the plaintiffs for $900.

The defendants on the removal of the record to the Supreme Court assigned for error the answers of the court to their points.

*A. M. Brown*, for plaintiffs in error, cited Pitts. and C. Railroad Co. *v.* McClurg, 6 P. F. Smith 294; Penna. Railroad Co. *v.* Goodman, 12 Id. 329; Glassey *v.* Hestonville Pass. Railway, 7 Id. 172; Penna. Railroad *v.* Ogier, 11 Casey 60; N. Penna. Railroad *v.* Heileman, 13 Wright 60; Callahan *v.* Bean, 9 Allen 401.

*S. M. Raymond*, for defendants in error.—The question of negligence was for the jury: Johnson *v.* Bruner, 15 P. F. Smith 269.

The opinion of the court was delivered, October 21st 1872, by
SHARSWOOD, J.—The only question raised by these assignments of error, which it is deemed necessary to discuss is, whether under the evidence, the plaintiffs below—the parents of the child who was run over and killed by the railroad car of the defendants— were guilty of culpable negligence in permitting him to run abroad in the street without a competent protector. It was undoubtedly settled very properly in Glassey *v.* Hestonville Passenger Railway Co., 7 P. F. Smith 172, that if the parents permit a child of tender years to run at large *without a protector* in a city traversed constantly by cars and other vehicles, they fail in the performance of their duties, and are guilty of such negligence as precludes them from a recovery of damages for any injury resulting therefrom. If the case is barely such, the negligence is a conclusion of law, and ought not to be submitted to the determination of the jury. But in this case there was evidence that the child was not per-

[P. A. & M. Railway Co. *v.* Pearson.]

mitted to run at large without a protector, and it was a question for the jury whether the accident was to be attributed to the negligence of the parents. These parents were careful parents. A board at the door prevented the child from leaving the house of his own accord. When abroad he was in charge of an older sister between twelve and thirteen years of age. It so happened, however, that the board was removed temporarily for the purpose of scrubbing the floor. The child watched his opportunity and escaped. He was immediately missed and his brother at once sent after him. He returned and said that he was playing in the alley with Lizzie Orr, a little girl of the neighborhood, between seven and eight years old, who was in the habit of playing with him. The parents were satisfied that he was safe with her. In the caprice of childhood the little boy ran away from her—down the alley to Rebecca street where the railway was—ran across the track, and in the course of a very few minutes was run over. Now, whether Lizzie Orr was a competent protector, whether the parents ought to have been satisfied when informed that he was with her, were questions for the jury. Children of that age—more especially girls—are often sufficiently prudent and thoughtful to be intrusted with the care of young children. Persons in the condition of life of these parents cannot afford to employ servants to look after their children. Their necessary domestic duties prevent them from being constantly on the watch themselves. We agree that "to say it is negligence to permit a child to go out and play without it is accompanied by a *grown* attendant, would be to hold that free air and exercise should only be enjoyed by the wealthy, who are able to employ such attendance, and would amount to a denial of these blessings to the poor:" O'Flaherty *v.* Union R. R. Co., 5 Am. Law Times 42. Mr. Justice Agnew has made a similar observation in Kay *v.* The Pennsylvania Railroad Co., 15 P. F. Smith 277: " Here a mother, toiling for daily bread and having done the best she could, in the midst of her necessary employment, loses sight of her child for an instant, and it strays upon the track. With no means to provide a servant for her child, why should the necessities of her position in life attach to the child and cover it with blame ?" That indeed was an action by the child, in which the negligence of the parent would perhaps be no defence; but we may ask with equal propriety, why should the necessities of the parents' position cover them with blame if they have done all in their circumstances they could do ?

                                        Judgment affirmed.