## Sullenberger, Appellant, *v.* Chester Traction Company.

*Negligence—Street railways—Infant—Contributory negligence of parent.*
Where a child under seven years of age is sent by its mother on an errand which involves the child in the peril of crossing a busy street on which street cars, wagons and other vehicles frequently passed, and the child steps directly in front of a street car and is killed, the parents cannot recover from the street car company damages for the death of the child.

The incapacity of a child under seven years of age to appreciate and avoid danger is conclusively presumed.

Argued Nov. 22, 1906. Appeal, No. 207, Oct. T., 1906, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1904, No. 55, for defendant non obstante veredicto in case of Thomas

SULLENBERGER, Appellant, v. CHESTER TRAC. CO. 13

M. Sullenberger and Annie M., his wife, v. Chester Traction Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Trespass to recover damages for death of a child.  Before JOHNSON, P. J.

At the trial the court refused binding instructions in favor of the defendant, and the jury returned a verdict for plaintiffs for $750.  Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* among others was in entering judgment for defendant non obstante veredicto.

A. B. Geary, for appellants.—The court held that the parent was guilty of negligence per se in sending the child across the street.

We respectfully submit that that was error: Penna. R. R. Co. v. Lewis, 79 Pa. 33 ; Penna. R. R. Co. v. Brooks, 2 Walker (Pa.), 122 ; Knickerbocker Ice Co. v. Brooks, 4 Walker (Pa.), 265 ; Lederman v. Penna. R. R. Co., 165 Pa. 118 ; Phillips v. Traction Co., 8 Pa. Superior Ct. 210 ; Daubert v. Delaware, Lackawanna & Western Railroad Co., 199 Pa. 345.

J. B. Hannum, for appellee.—The child was less than seven years old.  The law presumes it incapable to understand and avoid danger.  This is conclusive and irrebutable ; when over seven years of age capacity can be proven, but under, it cannot: Parker v. Ry. Co., 207 Pa. 438.

This being the law, it necessarily follows that if a child is conclusively presumed by law to be incapable of negligence, and of incapacity to guard against and avoid danger, a parent who sends such a child in a place of danger, without a protector, is conclusively presumed to be guilty of negligence and cannot recover in an action for its death caused by the very dangerous agency which he should have guarded the child against: Glassey v. Hestonville, etc., Ry. Co., 57 Pa. 117 ; Pittsburg, etc., Ry. Co. v. Pearson, 72 Pa. 169 ; Smith v. Ry. Co., 92 Pa. 450 ; Pollack v. R. R. Co., 210 Pa. 634.

OPINION BY PORTER, J., February 25, 1907 :
The appellants brought this action to recover damages for

the death of their child, which was alleged to have been caused by the negligent operation of one of the defendant company's cars. The defendant company at the trial submitted two points requesting binding instructions in its favor, and took exceptions to the refusal of said points by the court. The court submitted the case to the jury, but after a verdict in favor of the plaintiffs, upon consideration of the questions raised by the points submitted by the appellee, entered judgment in favor of the defendant, non obstante veredicto, which action is the foundation of the first specification of error.

The question raised by the prayer for binding instructions in favor of the defendant, and upon which the court subsequently entered judgment in favor of the defendant notwithstanding the verdict, was the contributory negligence of the appellants. The facts upon which the prayer for such instructions was based were not disputed. At the time of the accident the plaintiffs with their family lived in the house No. 202 Third street, in the city of Chester, situate at the corner of that street and Penn street; on the opposite side of the street, at No. 213 Third street, distant 180 feet west from Penn street, there was a butcher shop. The defendant company operated the line of street cars on Third street over which cars passed very frequently; and the street was one of the main thoroughfares of the city of Chester, very much used by wagons and other vehicles. These facts were well known to Annie M. Sullenberger, one of the plaintiffs, who on the evening of October 18, 1904, sent the young child, a girl less than seven years of age, on an errand to the butcher shop at No. 213 Third street, the execution of which errand necessarily involved crossing the busy street and the car tracks thereon. The child safely reached the butcher shop and started to return; after stopping to talk for a short time to another child on the sidewalk, instead of going to the crossing at Penn street, she left the sidewalk and started diagonally across Third street towards her home, she walked slowly from the curb to the car track and stepped directly in front of a car, which had for a considerable time been in full view as it approached, and was killed. All these facts were established by the evidence produced by the plaintiffs, and were undisputed.

Had an adult stepped without looking directly in front of a

moving car which had long been plainly in sight, such action would have involved contributory negligence which must have defeated a recovery for the injury suffered. The rule of law as to mutual negligence between adult plaintiffs and defendants does not, however, apply to the case of a child of tender years, who is to be held only to the exercise of that degree of care and discretion ordinarily to be expected from children of that age, and had this child survived her injuries an action to recover in her own right might have been maintained: Smith v. O'Connor, 48 Pa. 218; Rauch v. Lloyd & Hill, 31 Pa. 358. Even although the parents of the child may have been negligent in permitting it to go into a place of danger, such negligence is not imputed to the child, so as to prevent a recovery by the latter: Smith v. O'Connor, 48 Pa. 218. When an action is brought by the parent for an injury to his infant child, by which the child's services have been lost, there are other considerations to be regarded. In such a case it may be that the parent should be treated as a concurrent wrongdoer. Protection being a paternal duty, the entire failure to extend it is negligence. If a father permits a child of tender years to run at large, without a protector, in a city traversed constantly by cars and other vehicles, he fails in the performance of his duty and is guilty of negligence. It is the duty of the parent at all times to shield his child from danger, and this duty is the greater when the risk is imminent; the degree of protection is in proportion to the helplessness and indiscretion of the child. Mr. Justice FELL, in Parker v. Street Railway Company, 207 Pa. 438, said: " The measure of a child's responsibility for contributory negligence is his capacity to understand and avoid danger. In analogy to the common law rule of responsibility for crimes committed, a child under seven years of age has been conclusively presumed to be incapable of appreciating and guarding against danger; and after seven the presumption of incapacity, although not irrebuttable, and growing less strong with each year, continues until fourteen, when the presumption of capacity arises. But these are only convenient points in the uncertain line between capacity and incapacity, at which the law changes the presumption. The standard of responsibility is the average capacity of others of the same age and experience, and to this standard a child

should be held in the absence of evidence on the subject;" citing Nagle v. Allegheny Valley Railroad Company, 88 Pa. 35; Kehler v. Schwenk, 144 Pa. 348. The incapacity of a child under seven years of age to appreciate and avoid danger is conclusively presumed. Between seven and fourteen years there is a prima facie presumption of incapacity, but capacity. may be shown by evidence, positive or circumstantial. It has been held that, in the absence of evidence of particular danger, it is not negligence per se to permit a child nine years of age to go upon the public highways without a protector: Pennsylvania Railroad Company v. Lewis, 79 Pa. 33; Daubert v. Railroad Company, 199 Pa. 345; Phillips v. Traction Company, 8 Pa. Superior Ct. 210. When a parent makes reasonable efforts to guard his child from dangers, but the child escapes and without the knowledge of the parent goes into a place of danger, the question of contributory negligence upon the part of the parent is usually for the jury: Lenderman v. Railroad Company, 165 Pa. 118; Pittsburg, Allegheny & Manchester Railway Company v. Pearson, 72 Pa. 169; Pennsylvania Company v. James, 81* Pa. 194. The present case does not fall within either of the classes of cases last cited; the child was under seven years of age and was by law presumed to be incapable of appreciating and avoiding danger, and she was sent by the parent in whose charge she was upon an errand which necessarily involved her in the peril of crossing one of the main streets of a busy city along which street cars, wagons and other vehicles very frequently passed.

" When the parent permits a child of tender years to run at large without a protector, in a city traversed by cars and other vehicles he is guilty of contributory negligence, in case of injury to the child. If the case is barely such, negligence is a conclusion of law, and should not be submitted to the jury: Glassey v. Hestonville, etc., Passenger Railway Company, 57 Pa. 172; Pittsburg, Allegheny & Manchester Railway Company v. Pearson, 72 Pa. 169; Smith v. Hestonville, etc., Passenger Railway Company, 92 Pa. 450; Pollack v. Railroad Company, 210 Pa. 634. The degree of protection required of the parent being in proportion to the helplessness and indiscretion of the child, it follows that the highest degree must be exacted during that period when the child is by law presumed to be incapable of

appreciating and avoiding danger, while the child is under seven years of age. The expression "a child of tender years" must necessarily be referred to that period of the child's life when it is conclusively presumed by law to be unable to take care of itself. The learned judge of the court below was correct in holding that to send such a child upon an errand which necessarily exposed it to perils which it had not the capacity to avoid was contributory negligence. The first specification of error is dismissed.

The other specifications of error refer to the rejection of evidence, and, as the jury found in favor of the plaintiffs, it is not necessary to consider them.

The judgment is affirmed.