# Frega, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways — Passengers — Standing on plat-
form—Physical infirmity—Contributory negligence—Nonsuit.*

1. While a passenger on a trolley car who sustains injuries in consequence of riding on the platform, may recover therefor, if the car was so crowded that he could not be accommodated within, the burden of proof is upon him to justify his occupying such a position.

2. Physical infirmity gives a passenger on a trolley car no exemption from the rule that imputes contributory negligence to a passenger who voluntarily places himself in a place of known danger in consequence of which he is injured.

3. In an action of trespass to recover damages for personal injuries sustained by plaintiff in consequence of the explosion of the controller of a trolley car, occurring while plaintiff was riding on the front platform thereof, where plaintiff's contention that the car was so crowded that he could not be accommodated within was not sustained by the evidence, and where plaintiff further undertook to justify his riding on the platform by showing that he suffered from a stiff knee which rendered it dangerous for him to occupy a seat within the car, and difficult to stand supported only by the usual strap, the trial judge was not in error in entering judgment of nonsuit, the defendant company not being under any obligation to provide special accommodations for persons afflicted as was plaintiff.


Argued Feb. 9, 1914. Appeal, No. 368, Jan. T., 1912, by plaintiff, from order of C. P. Delaware Co., Sept. T., 1910, No. 60, refusing to take off nonsuit in case of Guiseppe Frega v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.


Trespass to recover damages for personal injuries. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker* and *John M. Broomall,* for appellant.

*William I. Schaffer,* for appellee.

OPINION BY MR. JUSTICE STEWART, April 6, 1914:

The plaintiff, while a passenger on a car of the defendant company, was injured by the explosion of the controller. He was standing at the time on the front platform, to the left and rear of the motorman, leaning against the front of the car. He had boarded the car at Tenth and Chestnut streets, in the City of Philadelphia, and was proceeding south. The car had moved a distance of several squares, having passed Walnut, Locust and Spruce streets, before the explosion occurred. The plaintiff received his injuries because of his position on the platform; this is not disputed. No passenger within the car was in any wise hurt. On the trial of the case the court directed a nonsuit on the ground of contributory negligence on the part of plaintiff in occupying a place of known danger without justifying excuse. Two explanations were advanced in excuse, wholly incompatible with each other, nevertheless each calling for consideration. The first was that plaintiff occupied a position on the platform because the car was so crowded that he could not be accommodated within; the second was, that he had a permanently stiff knee joint in one of his legs which prevented his sitting except as the crippled leg was stretched out its full length; that while he could have so sat in this particular car, had he been supplied with a seat, since the benches or seats run longitudinally with the car, yet his leg thrust out in that position would have been exposed to injury from those entering or passing out of the car; and further that he was not strong enough to stand within the car when it was in motion without other support than the usual

strap. As to the first, the evidence is conflicting as to the position on the car the plaintiff first occupied. He says that at no time did he enter the car; one of his daughters testified that she saw him enter. Accepting his own statement as correct, upon boarding the car he at once occupied the position on the platform which he retained until the accident. If he was occupying it, not from choice, but for the reason that he could not be accommodated within, he was justified in so doing. The burden of proof was upon him. His own testimony admits of no other inference than that he chose the platform for reasons of his own, his comfort or pleasure, uninfluenced by conditions within. While he repeatedly said that the car was full, yet he nowhere says that he could not have been accommodated within; nor does he assign the condition within as the reason for his standing outside. He testified that he saw people standing in the car, but, replying to a question from his own counsel as to the number, he distinctly said that he gave the matter no thought. Furthermore, he admits that he saw a number of people enter the car when he boarded it, and saw others enter it when it stopped at the several cross streets, yet at no time did he make any attempt to enter. His daughters who boarded the car at the time and place plaintiff boarded it passed within the car and there remained. They speak of the car being full, and yet they both testify, as did the father, that at the intermediate points passengers were discharged and others admitted who found accommodations. The fact that some were standing was in itself nothing unusual, and would not justify the plaintiff in remaining outside. The second excuse offered is quite as unavailing as the first. If the plaintiff's physical infirmity was such as is described, it was quite sufficient to commend him to the helpful and considerate sympathy of the conductor and his fellow passengers had he made the fact of his disability known. Unwilling to rely upon this he voluntarily took a position of known danger. The defendant

company was under no duty to provide special accommodations for people afflicted as was the plaintiff. When he boarded the car he knew that he could be accommodated only as he would sit or stand. Provision was made within the car for passengers occupying either position, while no provision was made of any kind for passengers outside. The fact that if he occupied a seat his stiffened leg would so protrude between the open space between the seats as to be exposed to injury from those passing in and out, and the further fact that he could not stand securely supported only by the usual strap, were circumstances which called for his consideration in determining whether he would or would not become a passenger. Having determined that question for himself, in becoming a passenger he must be held to have accepted the accommodations provided, taking his chance as to their adequacy for one in his condition. His physical infirmity gave him no exemption from the rule that imputes contributory negligence to a passenger who voluntarily places himself in a position of known danger and is injured in consequence. Furthermore, the accommodations provided within the car on which plaintiff was riding were not shown to have been different from those provided in the car in which he had traveled the same evening from Thirty-fourth and Chestnut streets to Tenth street, where he boarded the car on which he was injured. For that entire distance, twenty-four squares, he traveled standing up within the car. With this fact appearing in plaintiff's own testimony, an acceptance of his explanation offered as an excuse that he could not stand within the car except as supported in some other way than by the strap would be impossible. The evidence has impressed us as it did the learned trial judge. It discloses no conditions that justified the plaintiff in occupying the place he did when he was injured.

The assignments of error are overruled, and the judgment is affirmed.