# Loeb, Appellant, *v.* Davidson et al.

*Contracts—Building contracts—Material variations—Substantial performance—Case for jury—Trials—Evidence—Expert witnesses —Hypothetical questions.*

1. In an action on an agreement to recover the down money plaintiff had paid on account of the purchase-price of certain buildings then in the course of erection which upon completion plaintiff refused to accept, alleging that there were material deviations from the plans and specifications, the contract provided that "minor and unintentional deviations from the plans and specifications shall not abrogate this agreement but shall be the subject of allowance to the vendee if the value of the building is thereby depreciated"; and the specifications required that the building laws of the City of Philadelphia should be carefully observed. It appeared that the "headers" in the brick walls were made every tenth course instead of every seventh course as required by the Act of May 5, 1899, P. L. 193, regulating the erection of buildings within the City of Philadelphia; but the city building inspector testified that he observed the building in the course of construction and that the making of the "headers" every tenth course was required by the thickness of the bricks which were being used on the inside of the wall, and that the method employed by defendants was in general practice in the City of Philadelphia and was approved by him. The trial judge allowed the jury to determine whether or not there was a substantial departure from the specifications, in which case plaintiff was justified in refusing to complete the purchase; the jury found a verdict for defendants upon which judgment was entered. *Held,* no error.

2. While the usual practice is to receive the testimony of an expert in the form of answers to hypothetical questions, which he for the purpose of his testimony assumes to be true, an expert who has had occasion personally to examine the subject-matter of the in-

quiry, and who has personal knowledge thereof, may state the result of such examination.

3. It was not error to permit expert witnesses for the defendants who had properly qualified and who had examined the buildings to state that in their opinion there had been a substantial performance of the contract in compliance with the plans and specifications.

*Practice, Supreme Court—Appeals—Paper books.*

4. Questions attempted to be raised in assignments of error which are not included in the statement of the questions involved will not be considered by the Supreme Court.

Argued March 25, 1918. Appeal, No. 352, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1915, No. 1058, on verdict for defendants, in case of Oscar D. Loeb v. Louis Davidson and Charles Goldman. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Rule to open judgment entered upon a bond.

From the record it appeared that the court opened the judgment and an issue was framed to determine whether or not plaintiff was entitled to recover the amount which he had paid on account of the purchase-price of certain properties which defendants had agreed to sell him, and which he had refused to accept.

The case was tried before FERGUSON, J.

Other facts appear in the opinion of the Supreme Court.

Verdict for defendants and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury and rulings on evidence. ·

*Daniel W. Simkins*, for appellant.

*Edward Hopkinson, Jr.*, for appellees.

OPINION BY MR. JUSTICE FRAZER, June 3, 1918:

· Plaintiff entered into an agreement in writing August 11, 1915, to purchase from defendants certain property "with the buildings thereon now in course of erection," the latter agreeing to complete the houses within three months from date "according to plans and specifications" with a promise to pay $5 a day as liquidated damages for delay beyond the time specified. The contract also provided that "minor and unintentional deviations from the plans and specifications shall not abrogate this agreement but shall be the subject of allowance to the vendee if the value of the building is thereby depreciated." Plaintiff paid $2,000 on account of the purchase-price, which sum, the contract provided, might be forfeited as liquidated damages if he failed to effect a settlement. At the time the contract was signed the building was practically finished on the outside, the roof was on and the floors laid. The building not being completed within the time stipulated, nor strictly in accord with the plans and specifications, plaintiff subsequently refused to pay the balance of the purchase-money, and, to recover the sum already paid, entered judgment on the bond given by defendants to secure its completion in accordance with the agreement. The judgment was subsequently opened and issue framed to determine "whether Oscar D. Loeb is entitled to recover the sum of $2,000 with interest." The trial resulted in a verdict for defendants; a motion for a new trial was refused and judgment entered for defendants. Plaintiff appealed. .

The question before the jury was not the extent of an allowance, if any, plaintiff was entitled to receive. by reason of deviations from the plans and specifications or by reason of delay in completion, but solely whether the departure from the specifications was intentional or so material as to justify plaintiff in refusing to complete the purchase. The testimony is conflicting and the question was necessarily one for the jury to whom it was submitted with instruction that, if the variations were

material, plaintiff would be entitled to recover the money paid, but if the defects were merely minor matters, the contract provided a way in which they could be adjusted.

The departure from the specifications upon which plaintiff appears to lay most stress is the fact that in erecting the brick walls the "headers" were made every tenth course instead of every seventh as required by Act of May 5, 1899, P. L. 193, regulating the erection of buildings within the City of Philadelphia. The specifications required the building laws of the City of Philadelphia to be carefully observed. The city building inspector called by defendants testified he inspected the building regularly during the course of construction and gave as a reason for making a header every ten courses, instead of every seven, that the bricks used on the inside of the wall being of greater thickness than the outer brick, the two layers consequently did not reach the same level in the seventh course and to avoid a split the headers were laid on every tenth course in accordance with the general practice in the City of Philadelphia, which not only made a better wall but was approved by him as building inspector for the city. Under this testimony the court could not say, as matter of law, there was in this respect a substantial departure from the specifications. Numerous other instances of departure from the specifications are referred to in the testimony and discussed by counsel, most of them however of a minor character and none of such importance as to justify the legal conclusion that the contract was not substantially performed.

Plaintiff also complains of the action of the trial judge in permitting expert witnesses for defendants to state whether in their opinion there had been a substantial performance of the contract in compliance with the plans and specifications, the objection not being to the competency of the witnesses testifying as experts on the subject-matter of the inquiry, but on the ground the

answers of the witnesses were not based upon a hypothetical statement of the facts. While the usual practice is to receive the testimony of an expert in the form of answers to hypothetical questions which he, for the purpose of his testimony, assumes to be true, an expert frequently has occasion to personally examine the subject-matter of the inquiry, a familiar example being in the cases of physical ailments or injury, in which case he is permitted to testify to the result of his examination. Each expert offered by defendant made a personal examination of the building, together with plans and specifications, and an objection that they should not be permitted to testify as the result of such examination without the use of a hypothetical question, cannot be sustained: Wigmore on Ev., vol. I, section 675; Greenleaf on Ev. (16th ed.), section 441.

The remaining assignments of error are to portions of the charge. The charge as a whole is substantially free from error and the questions attempted to be raised are not included in the statement of questions involved, and for that reason need not be considered.

The judgment is affirmed.