# Yeager *v.* Gately & Fitzgerald, Inc., Appellant.

*Negligence—Infant—Collision between truck and boy's sled— Coasting—Contributory negligence—Evidence—Case for jury.*

1. In an action to recover damages for the death of a child six years old, killed while coasting in a collision between his sled and defendant's truck, the question of the negligence of the driver of the truck is for the jury, where the evidence for plaintiff, although in some respects contradicted, tended to show that the accident happened between three and four o'clock in the afternoon; that the boy was coasting down grade on a sidewalk on the right-hand side of a street, which crossed the street at right angles along which the truck was approaching; that the truck was driven on the left side of the street within two or three feet of the curb; that its proper place was on the right side of the street; that the sled and truck both moving at the rate of six to eight miles an hour, collided practically at the instant the sled left the sidewalk and entered the crossing; that according to plaintiff's witnesses, although contradicted, the driver did not sound his horn; that the driver knew that children were coasting at this intersection, and that the driver could have seen the child when the truck was at least fifty feet from the crossing.

2. In such a case the parents' contributory negligence is also a question for the jury, where the evidence tends to show that the boy was sent by his mother on an errand to a store, a block and one-half from house; that the mother had forbidden him to coast down the hill; that he had taken his sled without his mother's knowledge; that the neighborhood was a residential one without car tracks on either of the streets where the accident occurred; that there was

little traffic on them except by pedestrians; that the boy was in the habit of going alone to a neighboring school, and was familiar with the neighborhood; and that there was nothing to show that the boy was exposed to any greater danger when he went on the errand than when he went to school.

3. A driver of a motor vehicle who is aware of the presence of children coasting down a grade on an intersecting street is bound to exercise unusual care and watchfulness to avoid a collision while crossing such street.

*Appeals—Supreme Court—Assignments of error—Questions involved.*

4. Assignments of error raising questions not included in the appellant's statement of questions involved will not be considered.

Argued Oct. 1, 1918. Appeal, No. 137, Oct. T., 1918, by defendant, from judgment of C. P. Cambria Co., June T., 1917, No. 501, on verdict for plaintiffs in case of John W. Yeager and Bertha M., his wife, v. Gately & Fitzgerald, Inc. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for the death of a boy six years old. Before BAILEY, P. J., specially presiding.

Verdict and judgment for plaintiffs for $2,336.75. Defendant appealed.

*Errors assigned,* among others, were in refusing binding instructions for defendant, and in refusing motion for judgment for defendant n. o. v.

*George E. Wolfe,* for appellant.—The parents were guilty of contributory negligence: Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12; Glassey v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 57 Pa. 172; Gress v. Philadelphia & Reading Ry. Co., 228 Pa. 482; Darbrinsky v. Pennsylvania Co., 248 Pa. 503.

No negligence was shown on part of defendant: Frank v. Allegheny Valley Street Ry. Co., 58 Pa. Superior Ct. 544; Milligan v. Bell Tel. Co., 62 Pa. Superior Ct. 197;

Chilton v. Central Traction Co., 152 Pa. 425; Organ v. McCleman, 245 Pa. 264; Mulhern v. Philadelphia Home-made Bread Co., 257 Pa. 22; Eastburn v. United States Express Co., 225 Pa. 33; Shaffer v. Roesch, 215 Pa. 287; Henson v. Arthur, 217 Pa. 156; Rowan v. Atlantic Refining Co., 244 Pa. 201.

*Ray Patton Smith,* with him *Charles C. Greer,* for appellee, cited as to contributory negligence of parents: Henderson v. Continental Refining Co., 219 Pa. 384; Enright v. Pittsburgh Junction R. R. Co., 204 Pa. 543; Del Rossi v. Cooney, 208 Pa. 233; Daubert v. Del., L. & Western R. R. Co., 199 Pa. 345; McKinney v. Baltimore & Ohio R. R. Co., 247 Pa. 217; Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12.

Cited as to defendant's negligence: Grier v. Sampson, 27 Pa. 188;. Walleigh v. Bean, 248 Pa. 339.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

Plaintiffs sued to recover damages for the death of their six-year-old son which resulted from injuries received from defendant's truck, at a crossing on a street on which the boy was coasting, in the City of Johnstown. The questions of defendant's negligence and plaintiffs' contributory negligence in sending the child in the street unattended were submitted to the jury; a verdict for plaintiffs rendered and motions by defendant for a new trial and for judgment non obstante veredicto dismissed on plaintiffs' agreement to remit that portion of the verdict in excess of $1,600.

On December 12, 1916, between three and four o'clock in the afternoon, the child was sent by its mother on an errand to the store, a block and one-half from its home. There was snow on the ground and a number of children were coasting on the street along which the child was obliged to travel. Before starting on his errand, and, contrary to instructions and warning given by his mother, who testified she had forbidden his coasting on the

hill, the child took with him his sled and coasted down the grade from his home, on the sidewalk of Bond street. He was lying face downward on his sled and upon reaching the roadway of Park avenue, the sled collided with the left side of defendant's truck, the rear wheel passing over him, causing the injuries which subsequently resulted in his death.

The first contention of defendant is that plaintiffs were negligent in sending a six-year-old child on an errand requiring him to cross Bond street and Park avenue. The neighborhood is a residential one, without car tracks on either of the streets where the accident occurred. There is little traffic in the neighborhood except by pedestrians. A schoolhouse is located on the corner of Bond street and Park avenue, in which the child attended school; he was familiar with the neighborhood and accustomed to go alone from his home to school. The child's mother was not aware he had taken his sled with him, and we find nothing in the record to indicate the existence of greater danger to the child in going on the errand than was present every day in going to and returning from school. The nature of the surroundings and the absence of heavy traffic and railway tracks on the street distinguish the case from Sullenberger v. Traction Company, 33 Pa. Superior Ct. 12, and similar cases relied upon by defendant, and bring it within the line of cases illustrated by Henderson v. Continental Refining Co., 219 Pa. 384, and McKinney v. B. & O. R. R., 247 Pa. 217; consequently, the court could not, as a matter of law, declare the parents guilty of negligence.

The remaining question calling for consideration is the sufficiency of evidence of negligence on the part of the driver of the truck to warrant submission of the case to the jury. Substantially, no dispute exists as to the manner in which the accident occurred. Defendant's truck was being driven in a southwesterly direction on Park avenue, while the child was coasting in a northwesterly direction on Bond street. The streets cross each

other at right angles. The child was coasting down grade on the sidewalk on the · right-hand side of Bond street, as the truck approached on Park avenue. While the exact position of the truck in the street is disputed, witnesses for plaintiffs testified it was running on the left side of the roadway, within two or three feet of the curb, and that the collision occurred practically at the instant the child's sled left the sidewalk and entered on the Park avenue crossing. Witnesses for defendant testified the truck was approximately eight or ten feet from the curb and near the center of the street. The jury accepted plaintiffs' version as the correct one. The sled was moving at the rate of six or eight miles an hour and the truck at about the same rate and it may well be that the position of the truck in the street was a contributing cause to the accident since, had it been running on the right-hand side in accordance with the usual custom, the child might either have stopped the sled or changed its direction sufficiently to have avoided the collision, and, likewise, the driver would probably have seen the boy in time to either stop or deflect his truck, which, according to his testimony, could have been done within half its length. Several witnesses for plaintiffs testified the driver failed to give warning by sounding his horn as he approached the intersection of the streets. While this alleged oversight was denied by the driver, who testified the horn was sounded, he also stated he saw children coasting down Park avenue and realized it was incumbent upon him to exercise care as he approached the crossing. The presence of a low retaining wall along the property line at the sidewalk, one foot in height at Park avenue, tended to prevent the child from seeing the approaching truck until he reached the pavement of the intersecting street; while, on the other hand, there is testimony the child could be seen by the driver when the truck was at least fifty feet from the crossing. Under these circumstances, it was for the jury to say whether the driver exercised such

care and caution the surroundings and conditions before him plainly demanded.

The case is not within the scope of the decisions holding there can be no recovery for injuries to a child which suddenly darts from a place of safety into a danger defendant was without opportunity to avoid. Here the driver was aware of the presence of children coasting on the hill and that fact called for unusual care and watchfulness on his part. Notwithstanding this he was not aware an accident had happened until his attention was called to it by his helper. Under the evidence submitted on behalf of plaintiffs it was for the jury to say whether the exercise of proper care would have enabled him to see the child and either stop or turn aside the truck in time to avoid a collision: Tatarewicz v. United Traction Co., 220 Pa. 560; Mulhern v. Philadelphia Homemade Bread Co., 257 Pa. 22. Although the case is somewhat similar to Eastburn v. United States Express Co., 225 Pa. 33, there are points of distinction as stated by the court below, as follows: "First, the vehicle was a wagon which ordinarily contained no apparatus for advance warning of its approach, and, second, there appears to have been no evidence in that case that the driver had reason to believe that children would be on the street in the neighborhood of the accident."

Other assignments of error relate to rulings on evidence and the charge of the court below; appellant, however, apparently did not deem them worthy of consideration as the questions they raise are not included in the statement of questions involved and need not be considered: Yeager v. Anthracite Brewing Co., 259 Pa. 123, 130; McClintock & Irwin Co. v. Ætna Explosives Co., 260 Pa. 191; Loeb v. Davidson, 261 Pa. 418.

The judgment is affirmed.