## Ward *v.* Southern Pennsylvania Traction Co., Appellant.

*Negligence—Contributory negligence—Youth riding on rear platform of trolley car—Case for jury.*

In an action of trespass to recover damages sustained by a 13-year-old boy while riding on the rear platform of a trolley car, the questions of the negligence of the defendant, and the contributory negligence of the plaintiff, are for the jury and a verdict for the plaintiff will be sustained, where the evidence establishes that the minor, having become car sick had gone to stand on the rear platform and that while there the car was derailed and the plaintiff injured.

In such case a verdict in favor of the minor's father will be set aside, where it appears that the child was ordered by his mother to go to the rear platform, thereby sending him from a place of safety to a known place of danger and assuming the risk of the consequential loss resulting from the injury sustained.

Argued December 5, 1922. Appeals, Nos. 285 and 286, Oct. T., 1922, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1921, No. 144, on verdicts for plaintiffs in the cases of Hugh Ward, by his father and next friend, Joseph A. Ward, and Joseph A. Ward in his own right, v. Southern Pennsylvania Traction Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed as to right of minor to recover; reversed, as to right of parent to recover.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

394, (1923).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Hugh Ward, in the sum of $350 and for plaintiff, Joseph A. Ward, in the sum of $17 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Howard E. Hannum,* for appellant.—The platform of the trolley car was a known place of danger and the plaintiff was guilty of contributory negligence. Moreover the plaintiff was doubly guilty in directing the child to go to the place of danger: Frega v. Phila. Rapid Transit Co., 245 Pa. 31; Sullenberger v. Traction Company, 33 Pa. Superior Ct. 12; McLain v. VanZandt, 39 N. Y. Superior Ct. 347; Holly v. Boston Gas Light Co., 8 Gray (Mass.) 123; North Pennsylvania R. R. Co. v. Mahoney, 57 Pa. 187; Kay v. P. R. R. Co., 65 Pa. 270.

*Albert Dutton McDade,* for appellee, cited: Crissey v. Hestonville, etc., Ry. Co., 75 Pa. 83; Rauch v. Lloyd & Hill, 31 Pa. 358; P. R. R. Co. v. Kelly, 31 Pa. 372; W. Phila. P. Ry. Co. v. Gallagher, 108 Pa. 524; Thane v. Traction Co., 191 Pa. 249; Smith v. Ætna Life Ins. Co., 115 Iowa Reports 217.

OPINION BY LINN, J., March 2, 1923:

These appeals are from judgments on verdicts for $17 and $350, respectively in favor of a father and his thirteen-year-old son, in actions for damages caused by appellant's negligence. The only complaint is that the court refused to direct verdicts for appellant, or thereafter to enter judgments n. o. v.

The boy and his mother were passengers on appellant's electric street car between Chester and Wilmington. After traveling two miles, the minor became car sick, and his mother observed he was about to vomit.

The windows were closed and there was a "screen across the window" so that, as his mother testified, the boy "couldn't put his head out." She then directed him to "go stand by that window," designating an open window on the rear platform, the exit-doors of which were closed. While there, the car was derailed and the boy injured.

We can find no support for appellant's contention that there was no question for the jury in the case of the boy. The jurors were instructed to determine whether he was guilty of contributory negligence in standing at the open window on the platform, in the circumstances stated; that was correct: Erie City Passenger Ry. Co. v. Schuster, 113 Pa. 412, 416; Thane v. Traction Co., 191 Pa. 249; Kelly v. Traction Co., 204 Pa. 623, 625; Hopkins v. R. R. Co., 225 Pa. 193, 195. The verdict settled that appellant was negligent and that there was no contributory negligence on the part of the boy.

Against the boy's right to recover, appellant contends the parent was negligent, and that her negligence should be imputed to the boy, and to support it, the brief quotes from page 192 of the opinion in Railroad Co. v. Mahoney, 57 Pa. 187, said to approve the imputation to one of the negligence of another. That idea had been disapproved in Smith v. O'Connor, 48 Pa. 218, 221, and later was abandoned: Bunting v. Hogsett, 139 Pa. 363, 375, 376; Kammerdiener v. Township, 233 Pa. 328, 330; Sullenberger v. Traction Co., 33 Pa. Superior Ct. 12, 15; Donnelly v. P. & R. Ry. Co., 53 Pa. Superior Ct. 78, 82.

But we cannot sustain the father's $17 verdict. Appellant contends the law prohibits riding on the platform when there is room in the car, and that as a parent instructed the boy to stand in a place so prohibited, the father may not recover consequential damages: Sullenberger v. Chester Traction Co,, 33 Pa. Superior Ct. 12, 17. Here the parent instructed the boy to leave a place of safety in the car and stand on the platform; what he did there does not appear. The rule is: "The proper and assigned place for passengers [on electric street

cars] is inside the car.  Unless he shows some valid reason to excuse him, a passenger is bound to put himself in the appointed place, and if he does not he takes the risk of his location elsewhere": Bumbear v. Traction Co., 198 Pa. 198.  The question remains what is "some valid reason to excuse him" if injured on the platform. He may excuse himself by showing there was no room in the car: Renney v. Ry. Co., 50 Pa. Superior Ct. 581, and cases there cited.  He cannot excuse himself by showing he was physically disabled by a stiff knee joint, which prevents his sitting except with the crippled leg stretched out at full length in a position subjecting it to injury by passing passengers, to avoid which he stood on the platform when there were seats inside: "His physical infirmity gave him no exemption from the rule that imputes contributory negligence to a passenger who voluntarily places himself in a position of known danger and is injured in consequence": Frega v. Traction Co., 245 Pa. 31, 34.  We must therefore conclude that in sending the boy from a place of safety to a known place of danger, the parents assumed the risk of the consequential loss resulting from the injury sustained.

No. 285, October Term, judgment affirmed.

No. 286, October Term, judgment reversed and here entered for defendant.