## Solomon et al. v. Abbotts' Alderney Dairies, Inc.

*N. S. Winnet*, for plaintiffs.

*White, Parry, Schnader & Maris*, for defendant.

ALESSANDRONI, J., July 16, 1929.—This is an action in trespass to recover for injuries to the plaintiff's child, who, at the time of the injury, was twenty months old. The evidence disclosed that several dairy companies, through their drivers, were in the habit of leaving cases containing empty milk bottles on the sidewalk of the southwest corner of 10th and Courtland Streets. This corner was unoccupied. Through some means, many of these bottles were broken, the fragments littering the pavement and creating a dangerous condition. On May 18, 1926, the child's mother took him outside, and seeing the broken glass about six feet away, left the child on the step with instructions not to move while she went inside to procure a broom and dustpan. By the time she returned, the child had walked to where the broken glass was strewn, had fallen and cut his hand. As a result of the injury and subsequent infection, the child lost the free use of the little finger of the left hand. Defendant offered no evidence, and the presiding judge submitted to the jury the following questions: Was the baby's mother guilty of contributory negligence? Was the defendant notified of this condition and was it guilty of negligence?

The verdict was for the defendant.

The plaintiffs move for a new trial, alleging that the verdict was against the evidence; that they were not permitted to prove the prior condition of the sidewalk; and that the court refused to permit them to prove that children had been breaking bottles left at the place of accident. These allegations of error will be considered separately and in order.

There are two plaintiffs in this case, the injured child and his father. The child's father is not entitled to a new trial under the evidence of this case. The child's mother testified that she left her child of twenty months outside, alone, in the face of a known dangerous condition. Such action clearly constitutes contributory negligence and precludes recovery on the part of the child's father: Ward v. The Southern Pennsylvania Traction Co., 80 Pa. ·Superior Ct. 394.

The situation, however, is otherwise with respect to the right of Mayer Solomon, the child. The contributory negligence of the parent cannot be attributed to a child of tender years so as to bar recovery by the child: Smith v. O'Connor, 48 Pa. 218; Erie City Ry. Co. v. Schuster, 113 Pa. 412; Ward v. The Southern Pennsylvania Traction Co., *supra*.

The plaintiff's case clearly showed that the defendant company and others had been using this particular corner for the storage of boxes containing empty milk bottles, which in some manner were continually being broken and causing the pavement to be strewn with broken glass. There was testimony to connect the defendant with the broken bottles. The defendant offered no tstimony. Under these circumstances, the case should be retried and the plaintiff given an opportunity to have his case submitted free of a consideration of the contributory negligence of his mother.

The plaintiffs have also assigned as error the fact that they were not allowed to prove the prior condition of the sidewalk. The basis for this contention is the trial judge's rulings on the admissibility of certain evidence. One witness was asked: "Do you know when those particular milk bottles that you saw piled on the sidewalk that day were left there?" The witness answered: "They were there for several days before that. I don't know exactly when, but they were always there." The defendant's counsel moved to strike out the answer, and the motion was allowed. We find no error in this ruling, since the witness's words, "I don't know exactly when," make the answer valueless. It is otherwise, however, in the following ruling. The witness was asked: "Are you familiar with the condition of that sidewalk before that time, before May 18th, for a period of three or four months?" An objection to the question was sustained and an exception granted to the plaintiff. We believe this question should have been allowed. There was sufficient evidence to prove that the defendant company had been making use of this corner for the storing of crates of empty milk bottles, and the prior condition of the sidewalk was material to charge them with knowledge of the condition that existed and a vital consideration in foisting negligence upon the defendant. The authorities indicate that no one has a right to obstruct the sidewalks or cause a condition which makes it dangerous or insecure. In the case of Brown v. White, 202 Pa. 297, the court said: "Obstructions on the footwalks of the streets of a municipality, whether created by the accumulation of ice or otherwise, except such as are temporarily permitted for a lawful purpose, are a nuisance and the party responsible therefor is liable to the individuals injured by his illegal act. The public have a right to the use of the street in the condition in which the municipality has left it, and no person, whether an adjoining owner or not, is justified in placing or permitting an obstruction thereon which renders it dangerous or insecure."

In Rachmel *v.* Clark, 205 Pa. 314, the court laid down the following principle: "The defendants had no right to use the pavement of the street as a storage ground for the material used in their factory. They could use it temporarily in conveying the material to the factory and in taking the manufactured articles from it. . . . The streets of a city are for the purpose of transit and, except for temporary use by abutting property owners recognized as lawful, it is illegal to obstruct them. . . . Children, wherever they go, must be expected to act upon childish instincts and impulses; others who are chargeable with a duty of care and caution toward them must calculate upon this and take precaution accordingly." It, therefore, was material to show whether the defendant had continually caused a condition which rendered the sidewalk dangerous and if this condition had existed for some time.

The plaintiff assigns as error the action of the court in refusing to allow them to prove that children had been breaking these bottles which were left there. In the case of Rachmel *v.* Clark, *supra*, the court, in considering a somewhat similar problem, stated: "Children, wherever they go, must be expected to act upon childish instincts and impulses; others who are chargeable with a duty of care and caution toward them must calculate upon this and take precaution accordingly."

The jury should have been allowed to consider this factor in determining whether the defendant company was chargeable with the injury the plaintiff suffered.

Inasmuch as there is reason to believe that the jury did not clearly differentiate between the right of action of Barny Solomon, the father of the injured child, and the right of action of the injured child, we feel that justice in this case requires the granting of a new trial to Mayer Solomon.

The motion for a new trial as to Barny Solomon is refused and an exception to this order granted to plaintiff. The motion for a new trial as to Mayer Solomon is granted.